IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CLAUD E. BODDIE; and
AJAX MORRIS, JR.                                                                            PLAINTIFFS

vs.                                                                                          No. 4:01CV88-D-B

CITY OF CLEVELAND, MISSISSIPPI;
CLEVELAND, MISSISSIPPI, DEMOCRATIC
EXECUTIVE COMMITTEE; and
CLEVELAND, MISSISSIPPI, ELECTION
COMMISSION                                                                                  DEFENDANTS

OPINION GRANTING MOTION FOR ATTORNEY'S
FEES AND EXPENSES

Presently before the court is the Plaintiffs' motion for an award of attorney's fees and expenses. Upon due consideration, the court finds that the motion should be granted.

*A. Factual and Procedural Background*

The Plaintiffs, who are registered voters in Cleveland, Mississippi, filed this voting rights action on April 17, 2001, alleging that the redistricting plan used at the time by the City of Cleveland to elect aldermen and executive committee members violated both Section 2 of the Voting Rights Act of 1965 (42 U.S.C. § 1973) and the one-person/one-vote principle of the Fourteenth Amendment to the United States Constitution. The court conducted a bench trial of this matter from October 6, 2003, through October 8, 2003, and ultimately ruled in favor of the Plaintiffs that the City's existing aldermanic plan had become malapportioned and therefore violated the one-person/one-vote principle of the equal protection clause of the Fourteenth Amendment. See Boddie v. City of Cleveland, 297 F. Supp. 2d 901 (N.D. Miss. 2004). The court further found that the City's use of at-large voting to elect one alderman is permissible, and that the non-resident student population who reside in dormitories at Delta State University should not be included in the apportionment base for

the City's aldermanic wards. Boddie, 297 F. Supp. 2d at 909. The parties have subsequently jointly developed and implemented an approved voting plan in the city.[1] The Plaintiffs have now moved for an award of attorney's fees in order to conclude this litigation.

### B. Standard for Award of Attorneys' Fees

The Plaintiffs seek attorney's fees pursuant to 42 U.S.C. § 1973l(e) and 42 U.S.C. § 1988. Section 1988 provides in relevant part that the court "may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs . . ." Section 1973l(e) provides that the court may allow the prevailing party a reasonable attorney's fee in any successful action brought "to enforce the voting guarantees of the fourteenth or fifteenth amendment." Because Sections 1973l and 1988 "contain substantially similar language, they should be construed similarly." Connor v. Winter, 519 F. Supp. 1337, 1339 (S.D. Miss. 1981). In this case, as noted above, the court finds that the Plaintiffs are the prevailing party in this litigation: the court found that the City of Cleveland's voting wards had become malapportioned, that the Delta State University students should be excluded from the apportionment base, and that a new plan should be submitted for approval. Boddie, 297 F. Supp. 2d at 909. The Plaintiffs, therefore, in the court's discretion, are the prevailing party and may be allowed a reasonable attorney's fee.

The calculation of attorneys' fees in civil rights cases involves a well-established process. First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyer. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). The court then considers whether the

---

[1]The United States Department of Justice precleared the City's proposed plan on September 27, 2004, and this court entered final judgment in this case on January 11, 2005.

lodestar figure should be adjusted upward or downward depending on the circumstances of the case. Cobb v. Miller, 818 F.2d 1227, 1232 (5th Cir. 1987). In doing so, the court is to consider the factors set out by the United States Court of Appeals for the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). The Johnson factors are:

(1) the time and labor required;

(2) the novelty and difficulty of the questions involved;

(3) the skill required to perform the legal service properly;

(4) the preclusion of other employment by the attorney due to the acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) the time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and the length of the professional relationship with the client; and

(12) awards in similar cases.

Johnson, 488 F.2d at 717-19.

The fee applicant bears the burden of proving the reasonableness of the number of hours claimed, and must show that billing judgment was exercised. Hensley, 461 U.S. at 433-34. In addition, the court may reduce the fee award if the documentation of hours is inadequate. Id. The court may also reduce the award where the hours are "excessive, redundant, or otherwise unnecessary." Id. at 434. The fee applicant also bears the burden of proving the reasonableness of

the hourly rate claimed. Blum v. Stenson, 465 U.S. 886, 895-96, 104 S.Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984).

*C. Discussion*

1. Determination of the Lodestar

The court begins its analysis by determining the lodestar, which is the number of hours reasonably expended on this litigation multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433. Here, there is little dispute as to the Plaintiffs' requested reasonable hourly rate, and no specific dispute as to the number of hours reasonably expended.

a. Number of Hours Reasonably Expended

The Plaintiffs, in their initial and supplemental motions, seek an award for a total of 250.45 attorney hours; the Plaintiffs claim that these hours were reasonably expended on this litigation. The Defendant does not, with any degree of specificity, dispute the total number of hours claimed by the Plaintiffs.

The court, therefore, upon detailed review of the Plaintiffs' billing records, finds that the claimed hours were reasonably expended in this litigation. This litigation has been hard fought, has been pending for over four years, and the Plaintiffs have had to overcome a motion for partial summary judgment as well as several discovery skirmishes, not to mention a three day bench trial. Accordingly, the court finds that the Plaintiffs' attorney reasonably expended 250.45 hours in the successful pursuit of this litigation. In the court's judgment, this number of hours is appropriate in a case of this magnitude.

b. Reasonably Hourly Rate

Hourly rates for attorney fees must be reasonable within the relevant market; here, the

relevant market is the Northern District of Mississippi. Blum, 465 U.S. at 895-96; Brown v. Ascent Assurance, Inc., 191 F. Supp. 2d 729, 735 (N.D. Miss. 2002). The Plaintiffs seek a rate of $250 per hour for attorney time; the Defendant argues that a maximum rate of $200 per hour is reasonable. The court, in conjunction with courts in the Southern District of Mississippi, finds that a rate of $225 per hour is reasonable. See, e.g., Smith v. Clark, 3:01CV855-W-S, (S.D. Miss., March 22, 2004) ($200-225 awarded as prevailing rate for attorneys with substantial experience in voting rights cases). Thus, the court finds that an hourly rate of $225 per hour for the Plaintiffs' attorney's hours is reasonable. See Brown, 191 F. Supp. 2d at 736.

Accordingly, the court calculates the lodestar as follows: $225 per hour for 250.45 attorney hours = $56,351.25 in attorney's fees. Thus, the court finds that the total lodestar is $56,351.25.

2. Reasonableness of the Lodestar and the Johnson Factors

As the court calculated above, the lodestar in this case is $56,351.25. The court will now evaluate this total in light of the Johnson factors. The Plaintiffs have requested that the lodestar be adjusted upward by 50%.

As the Fifth Circuit has repeatedly emphasized, most of the Johnson factors are deemed to be reflected in the lodestar amount and cannot be used to adjust the lodestar upward or downward, and the lodestar is presumptively reasonable and should be enhanced or reduced only in exceptional cases. Walker v. U.S. Dep't of Hous. and Urban Dev., 99 F.3d 761, 771 (5th Cir. 1996); Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993). Here, the court finds that this case does not qualify as an exceptional case such that the lodestar should be adjusted upward; there is no evidence sufficient to overcome the presumption that the lodestar is a reasonable fee. The court holds, therefore, that an adjustment of the lodestar is not warranted in this case.

3. Expenses

In addition to an award of attorney's fees, the Plaintiffs seek an award of expenses in the amount of $2,622.51. An attorney's reasonable out-of-pocket expenses which are ordinarily charged to fee paying clients may be recovered as expenses under 42 U.S.C. § 1988. <u>Kirksey v. Danks</u>, 608 F. Supp. 1448, 1459-60 (S.D. Miss. 1985).

Upon close review of the subject expense records, the court finds that the submitted expenses are routinely charged to fee paying clients and are thus recoverable. This litigation has been ongoing for over four years, and $2,622.51 in expenses over a four-year period in a case of this nature is reasonable. The court, therefore, shall award the Plaintiffs expenses in the amount of $2,622.51.

*D. Conclusion*

In sum, the court finds that the Plaintiffs' motion for attorney's fees and expenses should be granted in the following amounts, as calculated above: $56,351.25 in attorney's fees and $2,622.51 in expenses. The total award is $58,973.76.

A separate order in accordance with this opinion shall issue this day.

This the 22nd day of September 2005.

/s/ Glen H. Davidson
Chief Judge